```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ANDERSON JACOB,

                    Petitioner,
                                         ORDER
          -against-                      13-CV-4586(JS)

MICHAEL CAPRA, Superintendent at
Sing Sing Correctional Facility,

                    Respondent.
----------------------------------X
```

APPEARANCES
For Petitioner:        Anderson Jacob, pro se
                       10A3644
                       Sing Sing Correctional Facility
                       354 Hunter Street
                       Ossining, NY 10562

For Respondent:        No appearances.

SEYBERT, District Judge:

On August 8, 2013, incarcerated pro se petitioner Anderson Jacob ("Petitioner") filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition is accompanied by an application to proceed in forma pauperis. Upon review of Petitioner's declaration in support of his application to proceed in forma pauperis, the Court finds that Petitioner's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Petitioner's application to proceed in forma pauperis is GRANTED.

In addition, on September 25, 2013, Petitioner filed a motion to stay the instant Petition to allow Petitioner to "resubmit back to the lower court for un[p]reserve[d] issue" and to

"[h]old in abeyance Appellant's Procedures." (See Docket Entry 4.) The Petition is difficult to decipher, but it appears that Petitioner is requesting a stay so that he can exhaust his state court remedies. Petitioner's motion to stay is DENIED WITHOUT PREJUDICE for the following reasons. In Rhines v. Weber, 544 U.S. 269, 276, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the United States Supreme Court held that a district court has discretion to stay a habeas corpus petition that contains both exhausted and unexhausted claims so that the petitioner may pursue the unexhausted claims in state court before review of the habeas petition in federal court. Under Rhines, such a stay "is appropriate only if there is good cause for the defendant's failure to exhaust his claims in state court and when the unexhausted claims are not 'plainly meritless.'" Lopez v. Superintendent of New York State – NYS Oneida County, No. 12-CV-3789, 2013 WL 5445986, at *5 n.5 (E.D.N.Y. Sept. 27, 2013) (quoting Rhines, 544 U.S. at 276). Here, Petitioner fails to identify which claim Petitioner seeks to exhaust and there is no indication in the Petition that there are any unexhausted claims. Because the instant submission does not identify the claim Petitioner seeks to pursue in state court, it is impossible to determine whether there was good cause for his failure to exhaust such claim or whether the

claim has any such merit.  Accordingly, the motion to stay is DENIED WITHOUT PREJUDICE.

      The Clerk of the Court is directed to mail a copy of this Order to the pro se Petitioner.

                                                  SO ORDERED.

                                          /s/ JOANNA SEYBERT
                                          Joanna Seybert, U.S.D.J.

Dated: November  12 , 2013
       Central Islip, New York