UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ANDERSON JACOB,

                Petitioner,

           -against-

MICHAEL CAPRA, SUPERINTENT,
SING SING CORRECTIONAL FACILITY,

                Respondent.
----------------------------------------------------------x

**MEMORANDUM & ORDER**

13 CV 4586 (RJD)

DEARIE, District Judge.

      Petitioner Anderson Jacob was convicted, on his plea of guilty, of burglary in the first degree (three counts), robbery in the first degree, assault in the second degree (three counts), attempted assault in the second degree, and endangering the welfare of a child. The charges arose out of two home invasions during which, inter alia, petitioner beat a young mother and wrapped an electrical cord around the neck of her three-year old son to coerce her to give him money, and caused injury to an additional victim in the neighboring home. Petitioner was sentenced to an aggregate determinate term of nineteen years plus five years' post-release supervision.

      Following his direct appeal and extensive post-conviction litigation in state court, petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Three of the petition's four claims, though separately labeled, are essentially variations on the same theme, each challenging the validity of the waiver of appellate rights that petitioner gave at the time of

his plea.¹ These three claims do not present a basis for habeas relief—or any form of relief, and are therefore moot—because petitioner filed an appeal; appointed counsel filed a supporting brief; and the appellate court, after holding that the appellate waiver was unenforceable, proceeded to adjudicate the merits of the appeal.² See People v. Jacob, 94 A.D.3d 1142, 1143 (2d Dep't 2012), lv. app. denied, 19 N.Y.3d 962 (June 8, 2012). The fourth and only remaining claim in the petition is a challenge to the trial court's denial of a request petitioner made, just before sentencing, to vacate his plea. The state appellate court was presented with the same challenge and found it meritless, concluding that there was "no legitimate question as to the voluntariness of the plea," Jacob, 94 A.D.3d at 1143, and petitioner has failed to carry the formidable burden required to disturb that ruling.

Accordingly, and as further explained below, the application for a writ of habeas corpus is denied and the petition dismissed.

## BACKGROUND

### A. The Plea Proceeding

Petitioner, accompanied by counsel, entered his plea before the Honorable Gary Weber in the County Court of Suffolk County on June 14, 2010.

---

¹ Ground one alleges that "[i]t was prejudicial error for the lower state court to unilaterally require petitioner to waive his right to appeal," ground two alleges that the waiver "was ineffective," and ground three asserts that "the trial court improperly conflated the right to appeal with those rights forfeited by a guilty plea." Petition at 4.

² See generally Knox v. Service Employees, 132 S. Ct. 2277, 2287 (2012) (An issue or case "becomes moot [ ] when it is impossible for a court to grant any effectual relief whatever to the prevailing party") (internal quotations and citations omitted). Grounds one, two and three require no further discussion.

At the outset, petitioner informed the court that he was "ready" to accept its earlier promise to "cap" the sentence at twenty-two years upon a plea to the entire the entire indictment. (Transcript of Plea Proceeding ["Plea"] at 2). The court reiterated its terms: "I indicated to you last time—I'll reiterate—I'll sentence you if you plead guilty to this entire indictment, to no worse than a definite sentence of twenty two years in jail, and five years post-release supervision. And you'll have to waive your right to appeal in the case. ... Those are my conditions." (Plea at 3). Counsel for petitioner confirmed that he was "authorized . . . to withdraw [the] previously entered plea of not guilty, and enter a plea of guilty to each count of the indictment." (Plea at 4).[3]

The court fully advised petitioner of the nature of the right to trial that he would be waiving with his plea of guilty, and petitioner stated that he understood. (Plea at 4-5). Petitioner also agreed that he was pleading guilty "because it serves [his] own best interest" and because he was "in fact guilty." (Plea at 5).

Next, the court asked petitioner whether he had "spoken to [his] attorney about waiving [his] right to appeal in this case." (Plea at 5). When petitioner replied that he had not, the Court invited him to do so. The record notes an ensuing off-the-record discussion with counsel, after which petitioner said "yes," he was willing to waive his right to appeal. (Plea at 6).

After reading the full indictment aloud, the court asked petitioner, "how do you plead to all these nine counts," and petitioner replied, "I'm not pleading guilty." (Plea at 7). Petitioner explained that he thought he would be pleading to only one count, and the court advised him to

---

[3] Counsel's remark followed a moment of apparent confusion. The following is the complete exchange: "The Court: Do you understand that under the constitution - - wait a minute. Counsel and Defendant wishes to interpose a plea of guilty then? Counsel: Yes." (Plea at 3-4).

speak to his attorney. The court also told him, "You have to plead guilty to the entire indictment, because the District Attorney is recommending more jail than what I'm willing to give you." (Plea at 8). Without a plea, the court further explained to petitioner, he "could get fifty years" because the two most serious counts (burglary in the first degree) carried maximum terms of 25 years each. (Plea at 8). The court continued:

> In other words, the District Attorney recommends that for sure you get twenty two years. He might drop some of the charges if he wanted to. [sic] Agree that you'd get twenty two years. But I've indicated that I would cap this sentence. [sic] Which means there's a fair chance they'll give you less than that. (Plea at 9).

Petitioner then pled guilty to all nine charges.

An apparent misunderstanding arose when the assistant district attorney began to question petitioner about the factual basis of his crimes. On the first degree burglary charge, when asked whether he entered the home with intent to commit a crime, petitioner responded "[n]o." (Plea at 10). The court then told petitioner, "If you don't allocute to [having the intention to commit a crime], the District Attorney can't be satisfied with the allocution, and I can't be satisfied." (Plea at 11). The court also told petitioner that it was "okay" if he no longer wanted to plead guilty, and that it did not matter to the court what he chose, but that the court needed to know his choice. (Plea at 11). After another off-the-record discussion with counsel, petitioner completed the factual allocution to the court's satisfaction.

B. **Sentencing**

At the sentencing on July 14, 2010, the state, emphasizing the suffering of the victims and petitioner's criminal history, asked the court to impose the full promised cap of twenty-two

4

years.[4] Defense counsel countered with a request for 14 years, after which petitioner addressed the court himself, purporting to have an unclear recollection of the terms of the plea deal:

> Petitioner: ... I would like to know what had you [sic] promised me, the promise on the plea bargain.
>
> Court: Yes. I promised you I would sentence you to no worse than 22 years.
>
> Petitioner: You said from 0 to 22.
>
> Court: It can't be 0 because of the fact that there are minimum sentences required by law, so that's not in the equation. What is in the equation is 14 really to 22, because that's what your counsel was bargaining for and 22 is what the District Attorney was bargaining for. Do you understand?
>
> Petitioner: Yes.
>
> Court: Okay. Anything that you wanted to tell me in addition to that?
>
> Petitioner: I would like to get your time, what you're offering me.
>
> Court: I didn't – I don't understand you. (Sent. at 12-13).

After petitioner consulted with his attorney, the court asked petitioner again "is there anything in addition to what you already said that you wanted to tell me about the sentence?" Petitioner again consulted with his attorney, and the following ensued:

> Petitioner: I would like to vacate the plea and get a new attorney.
>
> Court: Take your case to trial?
>
> Petitioner: Yes.
>
> Court: Okay. On what basis do you want to do that? Because you already pleaded guilty when we were getting ready to do the trial.

---

[4] The state referred the court to portions of a pre-sentence report listing a prior 2-6 year sentence for robbery, and 18 additional arrests between 2001 and 2009. (Sentencing Transcript ["Sent."] at 9).

5

| | |
|---|---|
| Petitioner: | My lawyer wanted me to plead guilty; he wanted me to cop out to all the charges. |
| Court: | Whether he wanted you to do it or didn't want you to do it isn't what is important. The question is whether at the time that [sic] you wanted to do it, and the answer is, that's what you told me. |
| Petitioner: | Plus I wanted to hear your promise to me. |
| Court: | Well, I'm going to make good on my promise, so we don't have any problems with the promise. |
| Petitioner: | Yeah. I still like to take it to trial. The detail of the cases—first they claimed that I had stabbed the lady... |
| Court: | I'm not going to get into all of that. You pleaded guilty. I don't see any reason to vacate the pleas [sic]. Is there anything in addition you wanted to tell me? |
| Petitioner: | Yeah. I like to vacate my plea. |
| Court: | Well, I know that, so I'm denying that application. (Sent. at 13-15). |

The court again asked petitioner if he wished to say anything else, and he said no. At the close of the proceeding, after the court pronounced sentence and announced that certain orders of protection were still in effect, petitioner said to the court, "Excuse me, sir. I can't take my plea back?" (Sent. at 19). The court did not reply.

### C. Direct Appeal

The Appellate Division, Second Department, held that petitioner's waiver of his appellate rights was "unenforceable." Jacob, 94 A.D.3d at 1142. The court concluded that "there is no indication in the record that [petitioner] understood the distinction between the right to appeal

and the other trial rights which are forfeited incident to a plea of guilty," and that the waiver was, therefore, not "knowing, voluntary and intelligent." Jacob, 94 A.D.3d at 1143-44.[5]

The Appellate Division also rejected petitioner's challenge to the denial of his motion to vacate his plea. The court found that "the record demonstrates that [petitioner]'s acceptance of the plea offer was an informed choice, freely made among valid alternatives, and that he entered his plea of guilty knowingly, voluntarily, and intelligently." Jacob, 94 A.D.3d at 1143. The court also found that "[petitioner]'s assertion that his attorney coerced him into pleading guilty is belied by the record," and that "[petitioner] was afforded an adequate opportunity to present his contentions." Id. The court concluded: "Since there was no legitimate question as to the voluntariness of his plea, the Supreme Court providently denied [petitioner]'s motion without conducting an evidentiary hearing." Id.[6]

## DISCUSSION

### A. Standards

Because the state appellate court adjudicated the merits of petitioner's challenge to the denial of his motion to vacate his plea, petitioner's application for habeas relief on the basis of

---

[5] The Legal Aid Society of Suffolk County, who represented petitioner at his plea, filed a notice of appeal on his behalf. The office later moved to be relieved, however, because of the possible conflict inherent in petitioner's challenge to his plea and counsel's advice with respect to it. The Appellate Division granted the motion and appointed substitute counsel to prepare the briefs.

[6] Affirming the conviction, the appellate court also rejected petitioner's substantive challenge to the trial court's denial of a motion to suppress identification testimony.

that challenge is subject to the constraints of 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Death Penalty Act of 1996 ("AEDPA). That statute provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (as amended by AEDPA).

For purposes of section 2254(d)(1), "'clearly established federal law, as determined by the Supreme Court of the United States," means *only* Supreme Court holdings, Thaler v. Haynes, 559 U.S. 43 (2010), "as opposed to the dicta", Williams v. Taylor, 529 U.S. 362, 412 (2000), or the holdings of federal appellate courts, Carey v. Musladin, 549 U.S. 70, 74 (2006). "And 'an unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (internal quotations and citations omitted). Instead, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 131 S. Ct. 770, 786–787 (2011).[7]

---

[7] Under the rarely invoked "contrary to" clause, which "ha[s] independent meaning," Bell v. Cone, 535 U.S. 685, 694 (2002), a state court decision is "'contrary to' clearly established federal law if the state court applies a rule different from the governing law set forth in [the

8

The Supreme Court has also narrowly construed the language in 2254(d)(2) applicable to fact-based habeas claims. Surveying the Supreme Court's (d)(2) jurisprudence, the Second Circuit offers the following summary:

> The Supreme Court has made clear that a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. . . . Where reasonable minds reviewing the record might disagree as to the relevant finding, that is not sufficient to supplant the state court's factual determination. . . . Nevertheless, the state court's finding might represent an unreasonable determination of the facts where, for example, reasonable minds could not disagree that the trial court misapprehended or misstated material aspects of the record in making its finding, or where the court ignored highly probative and material evidence.

Cardoza v. Rock, 731 F.3d 169, 177-78 (2d Cir. 2013) (quotations and alterations omitted) (citing Wood v Allen, 558 U.S. 290 (2010); Rice v. Collins, 546 U.S. 333 (2006); Wiggins v. Smith, 539 U.S. 510 (2003); and Miller–El v. Cockrell, 537 U.S. 322 (2003)).

**B.     Analysis**

Petitioner has not satisfied the foregoing requirements for disturbing the state appellate court's ruling with respect to his plea.

As a threshold matter, respondent quarrels with whether petitioner's claim is even constitutional and argues that, in any event, the claim is not exhausted because petitioner did not adequately present the constitutional nature of his claim to the Appellate Division. The Court disagrees.

---

Supreme Court's] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." Chrysler v. Guiney, 806 F.3d 104, 117 (2d Cir. 2015) (internal quotation and citation omitted).

To be sure, there is no recognized constitutional right per se to vacate a guilty plea, see United States v. Beltre, 562 Fed. App'x 15, 19 (2d Cir. 2014) ("a 'defendant has no absolute right to withdraw his guilty plea'") (quoting United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997)). Nevertheless, as courts have long sensibly recognized, a request to vacate a plea generally places at issue the voluntariness of that plea, see, e.g., United States v. Gonzalez, 647 F.3d 41, 56 (2d Cir. 2011) ("When the defendant has moved to withdraw his plea . . . a fortiori the court must focus on voluntariness") (internal quotation and citation omitted), and voluntariness is of course a constitutional matter. See, e.g., Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) ("A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences") (internal quotation and citation omitted). As evident by the explicit attention to voluntariness in the Appellate Division's decision, there can be no question that that court was sufficiently alerted to the constitutional nature of petitioner's claim, which is therefore exhausted.

Turning to the merits, the Court understands petitioner's claim to be essentially a challenge to the state court's view of the facts—and thus arising under 2254(d)(2)—rather than a claim that the court contravened or misapplied federal law within the meaning of 2254(d)(1). In any event, the state court's plenary treatment of voluntariness is precisely what federal law requires so any legal claim under 2254(d)(1) would fail. See generally Brady v. United States, 397 U.S. 742, 749 (1970) (voluntariness determined "by considering all of the relevant circumstances"); North Carolina v. Alford, 400 U.S. 25, 31 (1970) ("The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.").

Despite what are arguably hiccups in the plea proceeding, petitioner has not met the formidable burden for disturbing the state appellate court's decision to uphold his plea. The record documents that the court spelled out the terms of the plea clearly and was responsive to petitioner's questions and expressions of apparent uncertainty. The court also afforded petitioner ample opportunities to consult with his attorney and to elect not to plead if that was his wish, and petitioner ultimately made his election. Although at sentencing petitioner purported to recall the plea terms differently, he cannot show that the Appellate Division, in placing greater weight on his plea allocution in affirming the rejection of the motion to vacate the plea, made an unreasonable determination. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("[s]olemn declarations in open court carry a strong presumption of verity"); United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997) ("A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea"). In short, petitioner has not satisfied 2254(d)(2) because he has not shown that the Appellate Division, in determining that his plea was voluntary, "misapprehended or misstated material aspects of the record" or "ignored highly probative and material evidence," Cardoza, 731 F.3d at 177-78, or otherwise construed the record unreasonably.[8]

---

[8] Fact-based habeas claims are also subject to the constraints of subsection (e)(1) of section 2254, which provides, in relevant part, that "a determination of a factual issue made by State court shall be presumed to be correct" and that a habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).The Supreme Court has twice declined to address the relationship between subsections (d)(2) and (e)(1). Wood, 558 U.S. at 293; Burt, 134 S. Ct. at 15. So, too, has the Second Circuit. Jones v. Murphy, 694 F.3d 225, 238 n. 4 (2d Cir. 2012), cert. denied, 133 S. Ct. 1247 (2013); Garguilio v. Heath, 586 Fed. App'x 764, 766 n. 1 (2d Cir. Oct.10, 2014).

Section 2254(d), however, remains the necessary prerequisite for habeas relief, so failure to meet that 2254(d)(2)'s requirements for a fact claims disposes of petitioner's claim without the need to reach section (e)(1). To the extent (e)(1) is applicable to the Appellate Division's

Finally, the Court observes that the petition does not advance a separate claim of ineffective assistance in the plea context; likewise, although the petition's supporting factual narrative mentions the several consultations with counsel at the plea and sentencing, those allegations do not explicitly attack counsel's advice. Nevertheless, to the extent an ineffectiveness claim challenging counsel's plea advice is arguably embedded, it would not form a basis for habeas relief. The Appellate Division squarely rejected any such embedded claim as a matter of fact, see Jacob, 94 A.D.3d at 1143 (finding that "[petitioner]'s assertion that his attorney coerced him into pleading guilty is belied by the record"), and there is no colorable basis for disturbing that finding.

Likewise, there is no basis for a legal challenge under section 2254(d)(1)—i.e., a claim that the Appellate Division's rejection of the embedded claim contravenes or misapplies Strickland v. Washington, 466 U.S. 668 (1984). See Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985) (Strickland applies to ineffectiveness claims in the context of guilty pleas; defendant must show that counsel's plea advice was not "within the range of competence demanded of attorneys in criminal cases" and that that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"). Any such (d)(1) argument would fail under the "doubly deferential" standard applicable to ineffectiveness claims. See Cullen v. Pinholster, 563 U.S. 170, 190 (2011) ("review of [state court]'s decision is . . . doubly deferential [because] [w]e take a highly deferential look at counsel's performance [under Strickland] through the deferential lens of § 2254(d)") (internal quotations and citations omitted).

---

findings relating to the circumstances of the plea, the Court readily concludes, for the reasons discussed, that petitioner has failed to rebut the statutory presumption of correctness.

12

## CONCLUSION

For the reasons discussed, petitioner Anderson Jacob's application for relief under 28 U.S.C. § 2254 is denied in its entirety. Further, because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability will not issue.

The Clerk is directed to enter judgment accordingly and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
September 23, 2016

s/ RJD

RAYMOND J. DEARIE
United States District Judge